Andrew P. Napolitano (APN-3272)
Dreier LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100

Attorneys for Plaintiff
Axact (Pvt.), Ltd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AXACT (PVT.), LTD., <br><br> Plaintiff, <br><br> v. <br><br> STUDENT NETWORK RESOURCES, INC., STUDENT NETWORK RESOURCES, LLC, ROSS COHEN and JOHN DERIT, <br><br> Defendants. | **Civil Action No.** <br> **3:07-cv-05491 (FLW)(TJB)** <br><br> Hon. Tonianne J. Bongiovanni <br> United States Magistrate Judge |

### DECLARATION OF IRA S. SACKS IN SUPPORT OF
### MOTION OF DREIER LLP TO WITHDRAW AS ATTORNEYS OF RECORD AND
### TO VOLUNTARILY DISMISS THE COMPLAINT OF AXACT (PVT.), LTD.
### PURSUANT TO FED. R. CIV. P. 41

IRA S. SACKS declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney-at-law admitted in the State of New York, and I am a partner at the firm of Dreier LLP. My motion for admission to practice *pro hac vice* before this Court in the above-captioned matter was filed on February 8, 2008, and was scheduled for hearing without oral argument for March 17, 2008.

2. Dreier LLP ("Dreier") is counsel for Axact (Pvt.), Ltd. ("Axact"), plaintiff in the above-captioned matter. I submit this declaration in support of the motion of Dreier for (i) withdrawal of appearance in this action on behalf of Axact; and (ii) for an Order of this Court permitting Dreier to voluntarily dismiss the complaint in this action pursuant to Federal Rule of Civil Procedure 41, or, in the alternative, for an Order permitting Axact thirty (30) days in which to obtain new counsel in this matter.

3. Dreier LLP ("Dreier") was retained as counsel to Axact in October 2007 to pursue Axact's claims concerning allegedly defamatory statements posted by defendants Student Network Resources, Inc., Student Network Resources, LLC, Ross Cohen and John Derit (collectively, "Defendants") on the website www.essayfraud.org.

4. Dreier took and reviewed materials from Axact, conferred with representatives from Axact, and conducted an investigation concerning Axact's claims against the Defendants.

5. Dreier concluded that, based on the information it had reviewed and its investigation, Axact's claims had merit. Dreier filed the complaint in this matter on or about November 15, 2007.

6. The Defendants answered the complaint on or about February 4, 2008 (the "Answer"). The Defendants' Answer included one counterclaim for violation of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).

7. Dreier investigated the factual and legal claims made by Defendants in the Answer and DMCA counterclaim. Following that investigation, Dreier concluded that the Defendants' DMCA counterclaim lacked factual merit.

8. On February 25, 2008, prior to Axact's time to answer or move with respect to the Defendants' original DMCA counterclaim, the Defendants filed an Amended Answer and Counterclaims (the "Amended Counterclaims").

9. The Amended Counterclaims maintained the original DMCA counterclaim. As the Court is aware, however, the Amended Counterclaims also added four new counterclaims by Defendants against Axact.

10. The additional counterclaims in the Amended Counterclaims are for copyright infringement, violation of the Lanham Act, common law unfair competition, tortious interference with prospective business advantage and consumer fraud pursuant to the New Jersey Consumer Fraud Act, 56:8-1, *et seq*.

11. All of the additional counterclaims relate to an investigation undertaken by the Defendants subsequent to the filing of the Complaint in this matter. Specifically, the Amended Counterclaims allege that a representative of the Defendants placed orders for research papers with certain websites which Defendants allege are operated by Axact.

12. According to the allegations in Defendants' Amended Counterclaims, the research papers which were sold to Defendants by the various websites were copied from and infringed papers on the same topic previously copyrighted by Defendants. Defendants further alleged that they traced the IP address of the various websites to Axact and that the research papers were sent to Defendants from email addresses associated with Axact.

13. On the evening of February 25, 2008, counsel for the Defendants delivered to Dreier a letter advising Dreier that Defendants intended to move for sanctions against Axact and Dreier pursuant to Federal Rule of Civil Procedure 11 if Axact's complaint in this matter was not withdrawn (the "Rule 11 Letter").

14. The Rule 11 Letter set forth several factual claims concerning Axact and, more specifically, Axact's ownership of certain additional IP addresses and domain names that were not addressed in the Amended Counterclaims. Defendants allowed Dreier until March 10, 2008 to respond to the allegations in the Rule 11 Letter.

15. Following receipt of the Amended Counterclaims and the Rule 11 Letter, Dreier undertook an extensive investigation concerning Defendants' allegations. Dreier's investigation included both conferring with Axact and independent investigation into the facts underlying the Amended Counterclaims and Rule 11 Letter.

16. If the Court requires, Dreier will disclose the results of such investigation to the Court *in camera*. However, Dreier will not disclose such investigative materials in this filing in the interest of preserving the attorney-client privilege and work product privilege inherent in those materials.

17. As a result of the investigation conducted by Dreier between February 25, 2008 and the present, Dreier discovered information which, if known at the time the complaint was filed, would have caused Dreier to refuse to file the complaint in this matter on behalf of Axact.

18. Additionally, the investigation conducted by Dreier has caused the attorney-client relationship between Dreier and Axact to become irreparably broken, making it impossible for Dreier to continue to viably and effectively represent Axact in this action.

19. Accordingly, Dreier respectfully seeks an Order granting leave for Dreier to withdraw as attorneys for Axact.

20. In addition, Dreier requests that this Court enter an Order granting Dreier permission to voluntarily dismiss the complaint in this matter. Dreier notes that Axact does


not consent to voluntary dismissal of the complaint. Dreier believes that such consent is not required to withdraw the complaint as a result of Rule 11 of the Federal Rules of Civil Procedure 11.

21. If the Court is not inclined to permit voluntary dismissal of the complaint in the absence of consent by Axact, Dreier respectfully requests that the Court enter an Order permitting Axact thirty (30) days in which to obtain replacement counsel in this matter who are willing to adopt the complain as their own or file an amended complaint.

22. This Declaration and the accompanying Notice of Motion have been served upon Axact and counsel for the Defendants via e-mail and regular mail.

23. Pursuant to Local Rule 7.1(d)(4), I hereby represent that, given the relief sought on this Motion, the factual basis for relief is set forth completely within this Declaration, and no brief in support of this Motion is needed. Accordingly, Dreier respectfully requests that the Court waive the requirement of a brief in support of this Motion.

I declare under penalty of perjury that the foregoing statements are true and correct.

DATED: New York, New York
March 18, 2008

_____
IRA S. SACKS